John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
Taylor C. Foss (Bar No. 253486)
Email: tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiffs,
CIELE COSMETICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIELE COSMETICS, INC., a Delaware corporation, | Case No. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK (28 U.S.C. § 2201)** |
| v. | |
| CIELE ATHLETICS INC., a Canadian corporation; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff Ciele Cosmetics, Inc. ("Plaintiff" or "Ciele"), by and through its attorneys of record, complains against Defendants Ciele Athletics, Inc. ("CA") and DOES 1-10, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Ciele brings this action in response to Defendants' anti-competitive attempts to preclude Plaintiff from using the trademark CIELE (the "Ciele Mark"), which is the subject of U.S. Trademark Registration No. 7375305 (the "Ciele Registration"), and a design mark consisting of a letter "c" followed by a period (the "Design Mark"), in association with its products.

2.      This is an action for, inter alia, declaratory relief under the Lanham Act, 15 U.S.C. §§ 1051, 1114-1117, and 1125, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter jurisdiction over Plaintiff Ciele's declaratory judgment claim pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), and 2201 (declaratory judgment), and pursuant to 15 U.S.C. § 1121 (Lanham Act).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-1391(c) and 28 U.S.C. § 1400(a), in that the claim arises in this judicial district and the Defendants may be found and/or transact business in this judicial district. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to Cal. Civ. Proc. Code § 413.10 (California's long-arm statute) and Fed. R. Civ. P. 4(e) as, among other things, Defendants directly, continuously and systematically market, offer for sale and sell their products featuring the trademark at issue in this lawsuit into this judicial district, such that this Court has personal jurisdiction over Defendants. Defendant CA's website, www.cieleathletics.com, promotes and advertises over 30 locations within the State of California where it sells its products.  Specifically, Defendant CA directs internet users, through the "Find a Store" feature on its website at https://cieleathletics.com/pages/find-a-store, to stores offering CA's products in

**COMPLAINT**

California, including Los Angeles. The following image is a screenshot of CA's website's "Find a Store" feature, searching for Los Angeles, California:



4.      Further, Defendant CA offers its products for sale and shipment directly to this judicial district. On the product pages on CA's website, under "availability," it says: "online orders USA."  The following image is a screenshot of CA's website offering a product for sale and shipment to Los Angeles, California.



5.      Further still, this Court can assert personal jurisdiction over CA based on CA's demand letters and threats of litigation within this judicial district. Notwithstanding CA's attempts to resolve this dispute without litigation, CA has amplified its threats such that the exercise of jurisdiction here is not unreasonable.

3

**COMPLAINT**

6.      Notwithstanding the existence of personal jurisdiction based on CA's actions, this Court alternatively has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), in that the claim asserted herein arises under federal law, the defendants are not subject to the jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction comports with due process.

7.      Among other things, Defendant CA has extensive contacts with the United States as a forum in terms of sales, marketing, shipping, and advertising, such that exercising jurisdiction is consistent with the United States Constitution and laws.  Indeed, CA has substantial ties with the United States via its sales at its physical retail stores nationwide.  The following image is a true and correct screenshot of CA's website's "Find a Store" feature, searching for the United States:



8.      Defendant CA has purposefully directed its activities toward residents of the United States by maintaining a website that specifically identifies the "USA" as a region it sells to. The image below is a screenshot showing the CA website at www.cieleathletics.com, indicating "USA / International" as a preference option for the website:

/ / /

/ / /

/ / /

**COMPLAINT**



9.      Defendant CA has also purposefully directed its activities toward residents of the United States, as demonstrated by CA's application and prosecution of trademarks for CIELE ATHLETICS in the United States Patent and Trademark Office ("USPTO") for backpacks and sports bags in Class 18 and for athletic clothing in Class 25 (Application Serial Nos. 98396547 and 97416198). These applications explicitly invoke CA's intent to use the mark in the United States in "commerce on or in connection with the identified goods/services."

### THE PARTIES

10.      Plaintiff Ciele is a Delaware corporation, with offices in Los Angeles County, California. Ciele was formed as part of a merger including Lue Cosmetics, Inc. ("Lue"), a California corporation, which applied for and received registration of the Ciele Mark, as set forth in the Ciele Registration, a true and correct copy of which is attached hereto as **Exhibit A**.

11.      On information and belief, Defendant CA is, and at all times mentioned herein was, a Canadian corporation with its principal place of business at 103-2215 Beaconsfield Ave, Montreal, Québec, H4A 2G9, Canada.

12.      The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1-10, inclusive, are unknown to Plaintiff Ciele, who therefore sues said Defendants by such fictitious names.

Ciele will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when such true names have been ascertained.

13.    Plaintiff Ciele is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged.

## FACTS

14.    Plaintiff Ciele's principal business is manufacturing and selling high-end cosmetics and cosmetic accessories.  Ciele currently markets and sells its products nationwide through its own website and in the specialty cosmetics retail chain Sephora.

15.    Defendant CA manufactures and sells hats and apparel which are primarily directed at the running and athletic markets.  CA markets and sells its products in California and throughout the United States through its website, social media, and in retail stores focused on running.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement and

### Non-Dilution - 28 U.S.C. § 2201(a))

### (By Plaintiff against All Defendants)

16.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 15 above as though fully set forth herein.

17.    An actual, live controversy exists in that Plaintiff Ciele has a real and reasonable apprehension of being sued by Defendants for federal trademark infringement and dilution under the Lanham Act, in that Ciele's continued use of the Ciele Mark and associated marks have brought Ciele into adversarial conflict with CA.

18.    Defendant CA, through its attorney Kalie McCrystal, has explicitly threatened imminent suit in unequivocal terms in a cease-and-desist letter addressed to Ciele and its counsel, stating: "[i]f you fail or refuse to comply with Ciele

[Athletic]'s demands, we will seek instructions to commence appropriate legal proceedings, including cancellation of your United States trademark registration and if necessary, infringement proceedings." A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit B**.

19.    By virtue of CA's cease and desist letter, an actual controversy has arisen and exists between Ciele and CA.  It is within the power of this Court to resolve this controversy pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

20.    Defendant CA has claimed that it has protectable trademark rights in the Ciele Mark in connection with its registered mark "CIELE ATHLETICS" in International Class 025 for athletic apparel, and that it has additional unregistered rights to the mark, including rights associated with towels, footwear, socks, sunglasses, water bottles, drinking glasses, and online retail services.  Defendant CA further claims that Ciele's use of the Ciele Mark and the Design Mark in connection with cosmetics and cosmetic accessories infringes upon CA's rights by creating a likelihood of confusion between CA's claimed trademarks and Ciele's use of the Ciele Mark and the Design Mark.  CA has therefore directly accused Ciele of trademark infringement and, with its pointed assertions of liability and threats of litigation, has created a reasonable apprehension on the part of Ciele that CA will bring an action against Ciele for trademark infringement.

21.    No likelihood of confusion exists between the Ciele Mark and CA's CIELE ATHLETICS mark based on multiple factors.

22.    First, Defendant CA uses the CIELE ATHLETICS mark on different, unrelated, and non-complementary goods, thereby diminishing the likelihood of confusion.  Specifically, the CIELE ATHLETICS mark is used by CA on goods such as running apparel, footwear, accessories including hats, shirts, shorts, shoes, and other products, which are clearly distinct from cosmetics and cosmetics accessories.  Defendant CA's tag line on its website is "running gear for

7

**COMPLAINT**

performance and protection," clearly showing the company is focused in the running market.  Further, running apparel is not complementary to high end cosmetics and cosmetic accessories.

23.     Next, there has been virtually no actual confusion, making Defendant CA's allegations regarding confusion entirely hypothetical.  Plaintiff Ciele has experienced no actual confusion of its customers and has received no complaints from customers of CA regarding any actual confusion.  Further, in the correspondence between the parties, Defendant CA ostensibly identifies two examples of confusion, neither of which evidence actual confusion.  The first example involved a comment on a third party's website, where the user (who may or may not be a consumer) was not actually confused, but instead immediately identified that the Ciele brand cosmetics would not come from the same company that sold "the running hat."  Any initial confusion by this (alleged) consumer appears to have immediately been resolved.  The second (and undocumented) example involved (allegedly) an attempted return, that ostensibly was also promptly resolved.  Given the large number of sales both by Plaintiff and Defendant, this factor weighs against a finding of a likelihood of confusion, because if consumers were going to be confused, they would already have been confused.  Both of these examples provided by CA fail to establish a likelihood of confusion.

24.     When Plaintiff chose its mark, it did so without any knowledge of Defendant CA, and thus had no intent to derive any benefit from Defendant CA.  On information and belief, Defendant CA likewise did not choose the CIELE ATHLETICS mark with an intent to derive any benefit from Plaintiff's reputation.

25.     Further, Plaintiff's goods and Defendant's goods are very unlikely to be sold in the same or even similar stores.  Plaintiff Ciele sells its cosmetics and cosmetic accessory products through Sephora stores (which are specifically cosmetic/beauty-themed stores), for example, while Defendant CA sells its running/athletic gear through running-themed stores.  Indeed, Defendant CA's "Find

8

**COMPLAINT**

a Store" option identified above does not identify any stores at which Plaintiff Ciele also sells its products.

26.    Additionally, Plaintiff sells an expensive, luxury product to sophisticated buyers, such that reasonably prudent purchasers of Plaintiff Ciele's products would be unlikely to be confused.  Conversely, athletes (and specifically runners) are also quite discerning and sophisticated with the gear they use, and Defendant CA's products are also relatively expensive, such that Defendant CA's consumers likewise would be careful and discriminating in their purchases.  In neither instance are the products at issue an impulse buy.  The goods are so dissimilar that it would be absurd to say that a consumer would mistakenly buy cosmetics when they intended to buy running apparel.  As such, confusion between the products is unlikely.

27.    Looking to the actual products claimed by Plaintiff as to cosmetics and cosmetic accessories, and by Defendant CA as to athletic/running apparel and accessories, it is highly unlikely that either party will expand into the other party's market.  Accordingly, the likelihood of confusion is diminished.

28.    Defendant CA has no right to enjoin or assert liability for Plaintiff Ciele's use of the Ciele Mark or the Design Mark, regardless of any similarities between the marks, because, among other things, the Ciele Mark, the Design Mark, and Plaintiff Ciele's products using these marks are in different international classes than the CIELE ATHLETICS mark and CA's products—Plaintiff's Ciele Mark and Design Mark and the products being used under them being claimed in classes IC003 for "Cosmetics" and IC021 for "Cosmetic brushes," compared to IC025 and IC018 for Defendant CA's products.

29.    Further, the Office Examiner reviewing the Ciele Mark application at the USPTO found no confusingly similar marks, thereby allowing the mark to proceed to registration, as set forth in the attached Ciele Registration certificate

**COMPLAINT**

(Exh. B).  Accordingly, Plaintiff has priority rights in these classes and to the Ciele Mark.

30.     Defendant CA has no rights in regard to the Ciele Mark or the Design Mark because Defendant CA has no U.S. Registrations for the mark "CIELE" without "ATHLETICS" immediately following.  As a result, the marks themselves are significantly different and avoid any potential confusion.

31.     Additionally, the market and consumers of Plaintiff Ciele's products are distinct and unrelated from those looking to purchase Defendant CA's products.

32.     Defendant CA's claimed trademarks are not famous, making them incapable of being diluted under 15 U.S.C. § 1125(c).  Moreover, even if the marks were famous, Ciele's marks do not dilute CA's claimed trademarks in any way.  Specifically, there is no evidence here that the distinctiveness of CA's mark is impaired by association with Ciele's use of the mark.  Additionally, there is no tarnishing of either of the marks, because the goods being sold and the marketing used to sell those goods do not use any derogatory, off-putting, sexual, or offensive matter whatsoever.

33.     This Court's determination of the issues presented by the actual controversy between Ciele and CA will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties.  A declaration of the parties' respective rights will settle the conflicting and disputed claims of the parties, afford them the security of knowing precisely what their respective rights are, and prevent a multiplicity of actions that will arise if the parties continue on their present course of action without a judgment from this Court.  Declaratory relief is equitable, necessary, and proper under the circumstances presented by this case.

34.     By reason of the existence of an actual and justiciable controversy, Plaintiff Ciele is entitled to a declaratory judgment that its use of the Ciele Mark and the Design Mark do not: (i) infringe Defendant CA's claimed trademark in CIELE

10

**COMPLAINT**

ATHLETICS, Defendant CA's design marks, or any common law rights it might have accrued through its use of said term(s); (ii) violate section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)); (iii) violate section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and/or (iv) violate section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That the Court enter a judgment in favor of Plaintiff and against Defendants;

2.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> infringe Defendant CA's registered trademarks or any common law rights it may have accrued;

3.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> dilute Defendant CA's registered trademarks or any common law rights it may have accrued;

4.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> violate section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a));

5.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> violate section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

6.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> violate section 43(c) of the Lanham Act (15 U.S.C. § 1125(c));

7.     For a declaration that Plaintiff's use of the Ciele Mark and the Design Mark <u>do not</u> violate any other federal or state law.

/ / /

/ / /

/ / /

/ / /

/ / /

11

**COMPLAINT**

8. For reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

9. For such other and further relief as the Court deems just and proper.

Dated:  July 31, 2024                    **ONE LLP**

                                         By: /s/ Taylor C. Foss
                                             Taylor C. Foss
                                             John Tehranian
                                             Attorneys for Plaintiff,
                                             Ciele Cosmetics, Inc.

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.


Dated:  July 31, 2024                    **ONE LLP**


By: <u>/s/ Taylor C. Foss</u> _____
   Taylor C. Foss
   John Tehranian
   Attorneys for Plaintiff,
   Ciele Cosmetics, Inc.

13
**COMPLAINT**